

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Fred Norris
County Auditor
Polk County
Livingston, Texas

Dear Sir:

Opinion No. O-3153
Re: Should the county commis-
sioners in a county con-
taining the population of
Polk County make two bonds?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letter as follows:

"Please advise, whether or not, a Commis-
sioner, in a County of this size or population,
should make two bonds, viz:

"In Art. #2340, it sets out a bond for,
$3,000.00 Payable to, The County Treasurer,

"In Art. #6744, it sets out, a bond as
required by the Commissioner's Court,

"In Art. #6762, it sets out, that a bond
of $1,000.00 be made.

"I wish to state that, our Commissioners act
as, Ex-officio road Commissioners of their respec-
tive precincts, yet it may be that we have no
statutory right to do this, or do we?

"In the past our Commissioners have made
two bonds, supposedly as set out in Art. #2340,
and 6762, now one of the Commissioners has re-
fused to make only one bond, as set out in Art.
#2340."

Articles 2340, 6744, and 6762, Vernon's Annotated Civil
Statutes, read as follows:

° COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Art. 2340. Before entering upon the duties of their office, the county judge and each commissioner shall take the official oath, and shall also take a written oath that he will not be directly or indirectly interested in any contract with, or claim against, the county in which he resides, except such warrants as may issue to him as fees of office. Each commissioner shall execute a bond to be approved by the county judge in the sum of three thousand dollars, payable to the county treasurer, conditioned for the faithful performance of the duties of his office, that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and that he will not vote or give his consent to pay out county funds except for lawful purposes.

"Art. 6744. Each road superintendent shall within twenty days after his appointment take and subscribe the oath required by the Constitution, and give bond payable to and to be approved by the county judge in such sum as the commissioners court may fix, conditioned that he will faithfully perform all the duties required of him by law or the commissioners court, and that he will pay out and disburse the funds subject to his control as the law provides or said court may direct.

"Art. 6762. In all counties of this State, as shown by the preceding Federal census to contain as many as forty thousand inhabitants, the members of the commissioners court shall be ex-officio road commissioners of their respective precincts; and under the direction of the commissioners court shall have charge of the teams, tools and machinery belonging to the county and placed in their hands by said court. They shall superintend the laying out of new roads, the making or changing of roads and the building of bridges under rules adopted by said court. Each commissioner shall first execute a bond of one thousand dollars payable to and to be approved by the county judge for the use and benefit of the road and bridge fund, conditioned that he will perform all the

duties required of him by law, or by the commissioners court, and that he will account for all money or other property belonging to the county that may come into his possession."

Polk County has the population of 20,636 inhabitants according to the 1940 Federal census.

Under Article 2340, supra, a bond for the faithful performance of the duties of the office is required of each commissioner. Where county commissioners are made ex-officio road commissioners, and in this capacity a commissioner is required to give another and different bond as required by Article 6762, supra. However, it will be noted that Article 6762 only applies to those counties containing as many as 40,000 inhabitants as shown by the preceding Federal census. It is provided by Article 6769, Vernon's Annotated Civil Statutes that this law shall not be in operation in any county unless the commissioners' court thereof in their judgment may deem it advisable, and then only by an order of said court when all the members are present, made at some regular term thereof, accepting the provisions of said Act and such order shall be entered on the minutes of the said court.

We do not think that Article 6744 and Article 6762 are applicable to the question under consideration. Therefore, you are respectfully advised that it is the opinion of this department that the commissioners of Polk County do not have the legal authority to act as ex-officio road commissioners as contemplated by Article 6762, and that said commissioners are required to make only one bond as required by Article 2340, Vernon's Annotated Civil Statutes.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

APPROVEDMAR 1, 1941

AW:RS

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN